SALAZAR, APPELLANT; *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Sale and Mortgage.

No. 381.—Decided February 14, 1919.

RECORD OF TITLE—COMMUNITY PROPERTY—SEPARATE PROPERTY.—As section 1319 of the Civil Code provides that buildings constructed during the marriage on land belonging to one of the spouses shall belong to the partnership and the value of the land shall be paid to the spouse owning the same, it follows that when buildings are constructed on land belonging exclusively to one of the spouses, both the land and buildings become community property if the buildings are constructed with community funds.

ID.—ID.—MEANING OF LAND—CONSTRUCTION OF LAW.—This is understood to refer to land on which the building is constructed and not to any other land which may form a part of the tract, for section 1319 should be construed restrictively because it is an exception to the general rule of section 367 of the code that the accessory follows the principal and that whatever is built, planted, or sown on another's land, and the improvements or repairs made thereon, belong to the owner thereof.

ID.—ID.—PURCHASE PRICE—MORTGAGE.—When the land sold belongs exclusively to the husband and the houses and land on which they are built are community property, the husband is entitled to receive the value of the parcels of land which he continues to own, and the obligation to pay the amount which he is entitled to receive, as well as the mortgage securing it, should be made in his favor.

ID.—ID.—POWER OF ATTORNEY.—Power conferred to sell the separate property of each of the spouses and of the conjugal partnership does not empower the attorney in fact to sell the separate property of one of the spouses for a consideration to be paid to both spouses by creating a voluntary mortgage in their favor on the said properties so conveyed in order to secure the payment of the purchase price.

The facts are stated in the opinion.

*Mr. Francisco Soto Gras* for the appellant.

The respondent appeared *pro se*.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a deed executed before Notary Francisco Soto Gras in the city of San Juan on May 7, 1918, Marcelino Salazar y Salazar, as attorney in fact of the spouses Antonio Salazar Arceo and Presentación Salazar, sold to Juana Santiago in the presence of her husband, Juan Vilá Rullat, two parcels of land described in the deed under letters A and B,

which were acquired by Salazar Arceo during his celibacy and are recorded in his name in the registry of property. Property A, of 28.57 acres, contains a small frame house with a zinc roof and property B, of 89.58 acres, contains also a frame house with a zinc roof, two other small houses and two cottages, also built of wood with zinc roofs, and these structures are included in the sale and were built with the funds of the conjugal partnership composed of the spouses Salazar Arceo and Presentación Salazar. Property A and its building were sold for $3,000 and property B and its buildings for $13,000, making a total of $16,000, of which amount the attorney in fact of the vendors was paid $4,000 in cash, vendee Juana Santiago binding herself to pay the balance to the vendors in six annual instalments of $2,000 each, with interest at 7 per cent per annum. To secure the payment of the principal and interest, together with costs, expenses and attorney fees in case foreclosure became necessary, the spouses Juana Santiago and Juan Vilá Rullat created a mortgage on the said properties in favor of Antonio Salazar Arceo and Presentación Salazar, property A being liable for $2,000 of the principal and the corresponding interest plus $300 for disbursements and costs in case of foreclosure, and property B for $10,000 of the principal and the corresponding interest plus $700 to cover expenses and costs in case of foreclosure. The husband, Juan Vilá Rullat, caused to be inserted in the deed of conveyance that the $4,000 paid in cash belonged to his wife, Juana Santiago, as her separate or private property.

Two copies of the said deed of conveyance were presented in the Registry of Property of San Juan, Section 1, in order that the record of the sale might be endorsed on one and the record of the mortgage on the other, but the registrar refused to record the deed for the reasons given in the following decision:

"Record of the foregoing instrument, deed No. 48 of May 7,

1918, executed before Notary Francisco Soto Gras and accompanied by a power of attorney, is denied for the following reasons: (1) Although the land of both properties sold is the separate property of the husband and the buildings belong to the conjugal partnership, a mortgage was created thereon in favor of the spouses Antonio Salazar y Arceo and Presentación Salazar y Salazar to secure the deferred payments amounting to $12,000, without specifying how the vendors acquire that credit; that is, whether a part of it belongs to the husband and another part to the conjugal partnership, in which latter case the attorney in fact, Marcelino Salazar y Salazar, is not adequately authorized. (2) Even admitting that the mortgage is created in favor of each entity for its respective interest in the property, the extent of their interests is not shown, as required by article 9 of the Mortgage Law, for the share of each is not specified in the mortgage. (3) The share of each of the interested parties or creditors is not determined in relation to the lands of both properties owned by the husband and the houses thereon owned by the partnership, as required by article 119 of the Mortgage Law and article 164 of its Regulations, for it is the whole credit that has been distributed; and as regards the buildings, besides the reasons given, they are not recorded in the name of the conjugal partnership, this being an essential requisite because the land belongs to a person other than the said partnership. In lieu of the record a cautionary notice has been entered for the legal period in the volume, pages, numbers of properties and under the letters inserted on the margin of the description of each property, according to the decisions of the Supreme Court of Porto Rico in Volume 15, page 477, and Volume 16, page 643. As to the sale, the curable defect is also assigned of failure to show in legal form the alleged separate character of the cash paid, in accordance with the decision of the said court in Volume 16, page 728.''

The appellant attacks the decision appealed from and raises the appeal on the theory that the lands in question and the buildings thereon are ganancial property, according to section 1319 of the Civil Code.

Said section provides that buildings constructed during the marriage on land belonging to one of the spouses shall belong to the partnership, but the value of the land shall be paid to the spouse owning the same. Consequently, under

that statute, when buildings are constructed on land owned by only one of the parties to the marriage the land and buildings become ganancial property if the buildings are constructed at the cost of the conjugal partnership. That doctrine was laid down in the case of *Matheu* v. *Murillo et al.*, 25 P. R. R. 304, and followed in the later case of *Successors of Santos Alonso* v. *Registrar of San Juan,* 26 P. R. R. 756.

The land should be understood to be the area on which the building is constructed and not any larger tract of which it may form part, for section 1319 should be construed restrictively and not liberally because it is an exception to the general rule that the accessory follows the principal, as stated in section 367 of the code to the effect that whatever is built, planted, or sown on another's land, and the improvements or repairs made thereon, belong to the owner thereof.

The appellant cannot be sustained in his assertion that a property of 28 acres owned exclusively by the husband becomes ganancial property by the fact that the conjugal partnership built a small frame house on it, and that another still larger property of 89 acres, also belonging to the husband, becomes ganancial property by the fact that the conjugal partnership constructed a frame house, two other small houses and two cottages on it.

Therefore we are of the opinion that the two parcels of land in question, owned exclusively by the husband, Antonio Salazar Arceo, continue to be his separate property with the exception of the buildings and the lots on which they are erected, and these must be deemed community property, the value of said lots to be paid to Antonio Salazar Arceo.

And now this question presents itself: Was Attorney in fact Marcelino Salazar y Salazar authorized to sell the two parcels of land in the names of the spouses Antonio Salazar Arceo and Presentación Salazar for the sum of $16,000, receiving $4,000 in cash and taking from the purchaser, Juana de Santiago, and her husband a voluntary mortgage on the

said lands and buildings in favor of the spouses for the balance of $12,000?

We think not; for, as we have said, if the lands sold are the separate property of the husband and the buildings thereon, together with the lots which they occupy, must be considered as ganancial property, the husband has the right to receive the price of the lots which he continues to own and the obligation to pay the price which he may be entitled to receive, as well as the corresponding mortgage, should be made payable to him.

In this power of attorney given by the spouses Antonio Salazar Arceo and Presentación Salazar to Marcelino Salazar they recite that "they give and confer full and complete power and such as may be necessary and required at law to Marcelino Salazar y Salazar * * * so that, in the name of the parties to the power, he may execute the following acts both as to the separate property of each of the spouses and as to the property of the conjugal partnership: * * * sell outright and under any condition whatever such real property or part thereof as may belong to or be hereafter acquired by the principals, receiving the money in cash or by instalments as may be agreed on, delivering possession and warranting the title according to law."

These clauses empower Marcelino Salazar to sell the separate property of each of the spouses, Antonio Salazar Arceo and Presentación Salazar, and also the property of the conjugal partnership, but they do not authorize him to sell the separate property of one of the spouses for a consideration to be paid to both spouses, as stipulated in the deed of May 7, 1918, in which the purchaser agrees and binds herself to pay to the vendors the balance of $12,000, creating a voluntary mortgage on the same properties conveyed in favor of the spouses Antonio Salazar Arceo and Presentación Salazar. The stipulation for payment of the deferred instalments under the conditions stated is equivalent to a

waiver of rights made by principal Antonio Salazar Arceo, and Marcelino Salazar was not authorized to make such waiver. On that ground the decision appealed from is sustained.

In view of the opinion which we have formed of the case it would be superfluous to discuss the second and third grounds on which said decision is based and the other questions involved therein, for under the doctrine which we have laid down a new deed of sale and mortgage must be executed in accordance with the provisions of the Mortgage Law and of its Regulations applicable to the case in order that the titles may be recorded in the registry.

The decisions appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.